### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

|  |  |  |
|---|---|---|
| THOMAS ALBACH & JENNIFER ALBACH, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. G-05-386 |
| v. | § | |
| | § | |
| DEPARTMENT OF FAMILY AND | § | |
| PROTECTIVE SERVICES, VIVIEN | § | |
| ECHETEBU, AND VANESSA PAELICKE, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

This case arises out of an allegation of child abuse against Thomas and Jennifer Albach ("Plaintiffs") by Defendants and their agents.  Now before the Court is Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss for Failure to State a Claim.  For the following reasons, Defendants' Motion is hereby **GRANTED**.

I.

Plaintiffs' Complaint alleges the following facts.  On December 18, 2003, a Friendswood police officer responded to a domestic disturbance call at Plaintiffs' home.  On December 29, 2003, the same officer drove by Plaintiffs' home and noticed a Ford truck in the driveway.  She called Mrs. Albach, who told her that Mr. Albach was at the home in violation of the Emergency Protective Order she had obtained after the December 18 episode.  The officer called the Galveston County

1

District Attorney to report the violation, and she also called the Department of Family and Protective Services ("DFPS").  She did not tell DFPS that Plaintiffs physically abused their children, but she did note in her report that she was concerned for the children's safety.

On March 11, 2004, Plaintiffs received a letter from DFPS stating that they physically abused their children.  Mrs. Albach contacted Defendant Vanessa Paelicke, the caseworker's supervisor, on March 16, 2004, and Paelicke told her that the letter was a mistake.  Paelicke told Mrs. Albach that it would take some time to adjust the records.  On March 25, 2004, Paelicke sent Plaintiffs a letter confirming that the first letter was a mistake.

However, on May 26, 2004, caseworker and Defendant Vivien Echetebu interviewed one of Plaintiffs' children at her school.  DFPS then sued Plaintiffs to participate in services for alleviating the effects of abuse and neglect.  Echetebu signed an affidavit stating that a referral had been made in December 2003 to DFPS alleging physical abuse to the children; an assault on Mrs. Albach by Mr. Albach in the presence of the children; and a history of violence in the community and abusive behavior to Mrs. Albach by Mr. Albach.  Plaintiffs allege that these statements are contrary to both the facts and the police and DFPS records.  After ordering Plaintiffs to view videos and participate in counseling, the state court dismissed the case against Plaintiffs in October 2004.

Plaintiffs then sued Defendants for violation of their due process rights and right to freedom from governmental interference and for malicious prosecution.  Defendants have moved to dismiss.

II.

On August 1, 2005, all Defendants in this case filed their Motion for Judgment on the Pleadings and Motion to Dismiss.  According to L.R. 7.3, opposed motions will be submitted to the judge 20 days from filing.  The Local Rules clearly state that if a response has not been filed by the

submission day, this will be taken as a representation of no opposition. *See* L.R. 7.4; *see also Boltes v. Entex,* 158 F.R.D. 110, 111 (S.D. Tex. 1994); *Guilbeaux v. 3927 Foundation, Inc.*, 177 F.R.D. 387, 389 (E.D. Tex. 1998) (applying a similar local rule). The failure of a plaintiff to respond to a motion to dismiss can also justify sua sponte dismissal by the Court for want of prosecution. *See Escalante v. County of Victoria, Texas*, No. Civ.A. V-04-98, 2005 WL 1868934 at *1 (S.D. Tex. Aug. 5, 2005); *see also Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 880 (7th Cir. 1993) ("[T]he existence of a meritorious defense, standing alone, does not excuse carelessness and disregard for court orders and schedules."). The submission day for this Motion was August 22, 2005. Plaintiffs have not filed a response.

After a courtesy call from the Court's Case Manager admonishing that the response deadline had passed, Plaintiffs belatedly filed a Motion to Enlarge Time on August 24, 2005, which the Court denied. Plaintiffs' counsel stated that he had not filed a response because he has been in trial in Houston since August 16. This Motion has been on file since August 1. Even if Plaintiffs' counsel has been otherwise occupied since August 16, he could have filed the response ahead of time, or, knowing that he was going to be busy, he could have filed a *timely* motion for extension of time, which this Court routinely grants for good cause. Plaintiffs' counsel attached a copy of a protective order from Judge Hittner ordering him not to attend any hearings or trials in any other court. However, this Order does not excuse Plaintiffs' counsel from meeting pleadings deadlines set by other courts.

Plaintiffs' Motion to Enlarge Time also states that granting the extension would not inconvenience the Court and its schedule. This is not the case. The Court is in the process of switching from one set of law clerks to another, and if the Court had granted the extension to

September 23, as requested, the Court would not be able to rule on the Motion for several more weeks.

No Party can expect the Court to bend the rules and allow the willy-nilly filing of responses and other important documents as it suits the whim of the Parties and their counsel. The Court does its best to rule on motions in a timely manner so as to reduce the expense and inconvenience of the Parties, but the Parties must reciprocate by following the Local Rules, which are neither lengthy nor complex. Failure to respond shows a decided lack of professionalism, courtesy, and proper attention to the client's interests that is absolutely unacceptable in this Court.

Because the Court considers the Motion unopposed and because Plaintiffs have failed to prosecute their case, Defendants' Motion is hereby **GRANTED**.

### III.

Nevertheless, out of an abundance of caution, the Court will briefly address the merits of the Motion. *See John v. Louisiana*, 757 F.2d 698, 707 (5th Cir. 1985). A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.[1] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

---

[1]Defendants have moved to dismiss under both Fed. R. Civ. P. 12(c), for judgment on the pleadings, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. The standard is the same for both types of motions. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Plaintiffs' Amended Petition states that Defendants are liable under 42 U.S.C. § 1983 for depriving Plaintiffs of their right to freedom from governmental interference and for prosecuting Plaintiffs civilly without due process of law.  § 1983 applies to "persons."  While municipalities are "persons" for the purposes of this statute, states and their agencies and officials acting in their official capacities are not.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989).  Therefore, Plaintiffs' § 1983 claims against DFPS, a state agency, and Echetebu and Paelicke in their official capacities are **DISMISSED WITH PREJUDICE**.

Plaintiffs' § 1983 claims against Echetebu and Paelicke in their individual capacities also fail as a matter of law.  First, federal law does not guarantee a general right to freedom from governmental interference.  *See, e.g., West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 391, 57 S. Ct. 578, 581, 81 L. Ed. 703 (1937).  While the Due Process Clause does guarantee freedom from governmental interference into at least some aspects of a person's life, such as family relationships, this right does not exist separately from due process rights.  *See, e.g., Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 1394, 71 L. Ed. 2d 599 (1982).  Plaintiffs' claim that they were deprived of this right is therefore **DISMISSED WITH PREJUDICE**.

Second, to establish a violation of substantive due process, Plaintiffs must show that Defendants acted in a way that "shocks the conscience."  *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47, 118 S. Ct. 1708, 1717, 140 L. Ed. 2d 1043 (1998).  Defendants' behavior does not even approach this mark.  The investigation by DFPS and its officials originated from a genuine domestic dispute call to the police.  The resulting allegation of physical child abuse appears to have been an administrative mistake.  While this no doubt caused Plaintiffs frustration and consternation, the

behavior of Echetubu and Paelicke simply does not shock the conscience.  Plaintiffs allege malice on the part of these Defendants, but Plaintiffs' factual allegations do not support that claim at all. Plaintiffs' claims of denial of substantive due process rights are **DISMISSED WITH PREJUDICE**.

Neither have Plaintiffs shown a violation of their procedural due process rights by Echetebu or Paelicke.  Plaintiffs have a right to notice and an opportunity to be heard when they have a property interest at stake. *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492, 498, 126 L. Ed. 2d 490 (1993).  Plaintiffs received a hearing in state court, and the case against them was ultimately dismissed.  They do not complain that they did not receive proper notice of the hearing, that the procedure by which DFPS can file suit is unconstitutional, or that these Defendants in any way attempted to deny them a fair hearing.  Plaintiffs allege that some statements in Echetebu's affidavit were false, but Plaintiffs had every opportunity to prove the opposite in state court.  Determining the true facts is the exact purpose of a hearing or trial.  Plaintiffs have not alleged any facts upon which the Court could find that Defendants deprived them of their right to procedural due process.  Plaintiffs' § 1983 claim for a deprivation of procedural due process rights is therefore **DISMISSED WITH PREJUDICE**.

Finally, Plaintiffs' state-law malicious prosecution claim fails as a matter of law.  In Texas, a plaintiff who seeks to establish a malicious prosecution claim arising out of a civil suit must show: "(1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).  Plaintiffs have not alleged facts establishing malice by any Defendant.  It is the job of the DFPS and its agents to investigate any

possibility of child abuse or neglect.  Even if the only basis for the investigation was the

Friendswood police officer's note that she was concerned for the children's safety, that is sufficient

evidence for the DFPS to investigate.  The fact that Defendants pressed forward with the

investigation is therefore not evidence of malice.

For the same reason, Plaintiffs have not alleged facts showing that no probable cause existed.

It is undisputed that Mrs. Albach did obtain an Emergency Protective Order against Mr. Albach on

December 18, 2003, and that Mr. Albach violated that order on December 29, 2003.  Plaintiffs

themselves caused the situation that led to the DFPS investigation.  It is perfectly reasonable for the

DFPS to investigate a family that has had multiple problems with domestic disputes; even if it is true

that the children were asleep during the December 18 episode, these problems almost always affect

the children.  The Court is reluctant to criticize a perpetually underfunded and understaffed state

agency for some good faith administrative errors in its attempt to guarantee the safety and welfare

of Plaintiffs' children.  Plaintiffs' malicious prosecution claims are **DISMISSED WITH**

**PREJUDICE**.

Although the Court need not reach these issues, Defendants have also presented cogent

arguments that the individual Defendants are entitled to qualified immunity on all claims and that

sovereign immunity and the Texas Tort Claims Act bar Plaintiffs' malicious prosecution claim

against all Defendants.

IV.

For all the reasons explained above, Defendants' Motion for Judgment on the Pleadings and

Motion to Dismiss are hereby **GRANTED**.  Plaintiffs' claims are **DISMISSED WITH**

**PREJUDICE**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred

herein to date.   A Final Judgment concerning this and all other claims will be entered

contemporaneously with this Order.

**IT IS SO ORDERED**.

**DONE** this 26th day of August, 2005 at Galveston, Texas.


Samuel B. Kent
United States District Judge